COLUMBUS (City), Plaintiff-Appellee, v. MOSKO REALTY COMPANY, Defendant-Appellee, and COLUMBUS (City), Trustee, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5707.   Decided May 20, 1958.

Russell Leach, City Atty., Columbus, for plaintiff-appellee.

John J. Chester, Jr., Robert P. Duncan, Columbus, for defendant-appellee, Mosko Realty Company.

John W. E. Bowen, Alba L. Whiteside, Asst. City Attys., Columbus, for City of Columbus, Trustee, defendant-appellant.

## OPINION

By MILLER, J.

This is a motion filed by the Mosko Realty Company, defendant-appellee, seeking an order dismissing the appeal for the following reasons:

84

(1) The appellant has failed to comply with Rule V of this court which spells out the procedure to be followed in making up the record to be presented at the time of trial.

(2) The funds involved herein have been distributed in accordance with an order of the Common Pleas Court.

The first branch of the motion is not well taken as this court sustained a previous motion of the appellant appointing a master commissioner to take testimony to be presented in the case. When this question was up for consideration counsel for the appellee made no objection to the appointment, and it is now too late to charge non-compliance with the rule, as this objection appears to have been waived.

In considering the other ground set forth in the motion the record reveals that the City of Columbus brought proceedings to appropriate certain property on South Fourth Street in the City of Columbus which property was owned by the City of Columbus, Trustee of Hare Charity Fund, and in the possession of the Mosko Realty Company under a 99-year lease. By agreed entry the court fixed the amount of $53,000.00 as compensation to be paid by the City of Columbus, plaintiff, in the appropriation proceedings. The Mosko Realty Company and the City of Columbus, Trustee, filed applications for distribuiton of said amount. On the 10th day of May, 1957, the court decided the matter of the applications for distribution and found that the Mosko Realty Company was entitled to $31,400.00 and the City of Columbus, Trustee, was entitled to $21,600.00. This decision was journalized on May 15, 1957, to which the City of Columbus, Trustee, noted exceptions.

On May 29, 1957, counsel for the City of Columbus, Trustee, filed a notice of appeal to the Court of Appeals from said judgment, stating that the appeal was on questions of law and fact.

The record reveals further that the order of distribution has been fully complied with and it is for this reason that the appellee is now seeking a dismissal of the appeal. Counsel for the appellant urges that the appeal may still be prosecuted, citing Betleyoun v. Indus. Comm., 31 Oh Ap 53. The syllabus of this case provides:

"When an amount found in favor of a litigant by a judgment of a court is due him in any event, and it is admitted that he is entitled to receive and retain it, and his claim that he is entitled to a greater or an additional amount is denied him, his acceptance and retention of the amount of the judgment does not prevent him from prosecuting an error proceeding to obtain a reversal of that part of the judgment denying him an additional amount."

It will be noted that the appeal is on law and fact which requires a trial de novo; hence, the judgment of this court may enlarge or reduce the allowance made to this appellant and the amount of the judgment would not be due to the appellant in any event as in the cited case, where the court announced the general rule applicable at page 56:

"We agree with the claim of the defendant that the general rule is 'that a party who has taken advantage of a judgment or decree may not afterwards question its validity.'"

In the case at bar the appellant has taken advantage of the judgment by accepting the award and is now attempting to litigate the matter further. The rule applicable also appears to be clearly set forth in **Lake Shore Elec. Ry. Co. v. Rohrbacher, 44 Oh Ap 529**, the first paragraph of the syllabus of which provides:

"Plaintiff, who recovers judgment for lesser amount than he claims and thereafter receives payment of judgment and costs, cannot prosecute error."

We recognize that there are exceptions to the general rule announced supra, but that the facts in this case do not come within the exceptions.

The motion to dismiss will be sustained.

PETREE, PJ, BRYANT, J, concur.